FILED

JUL 17 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 06-22419-A-13G
)
JASON CARRY BEARCE, ) Docket Control No. None
)
) Date: Ex Parte
Debtor. ) Time: Ex Parte
)
_____ )

**MEMORANDUM**

The chapter 13 debtor, Jason Carry Bearce, has filed a motion seeking to be excused from the requirement of a pre-bankruptcy credit counseling. This request is made because the debtor was unaware of the requirement before filing his petition. His motion will be denied for the reasons explained below.

An individual is prohibited by section 109(h)(1) from being a debtor under any chapter unless that individual has, during the 180 days preceding the filing of the petition, received a "briefing" from an "approved nonprofit budget and credit counseling agency." See In re Fuller, 2005 WL 3454699 (Bankr. W.D. Pa. 2005); In re Rodgers, 2005 WL 3454702 (Bankr. W.D. Pa. 2005); In re Stidham, 2005 WL 3454709 (Bankr. W.D. Pa. 2005); In re Childs, 335 B.R. 623 (Bankr. D. Md. 2005); In re Davenport, 335 B.R. 218 (Bankr. M.D. Fla. 2005); In re Wallace, 338 B.R. 399 (Bankr. E.D. Ark. 2006).

In other words, the credit counseling briefing is an eligibility requirement for bankruptcy relief. Because the debtor did not receive a briefing, he is ineligible for bankruptcy relief. The court has no power to waive the requirement. The court is limited to granting the exemptions provided by section 109(h)(2) and section 109(h)(4) and to granting the brief extension of time to receive the briefing permitted by section 109(h)(3).

The debtor has not argued, or even attempted to argue, that the exemptions provided by section 109(h)(2) or section 109(h)(4) apply in his case.

If the United States Trustee determines that the approved nonprofit budget and credit counseling agencies for the district are not reasonably able to provide adequate services, section 109(h)(2)(A) exempts the debtor from the briefing requirement. Such a determination by the United States Trustee is not a case-by-case determination. Rather, it is a determination that is made generally and that must be reviewed not less than annually. See 11 U.S.C. § 109(h)(2)(B).

The United States Trustee has not made a determination for this district that credit counseling agencies are not able to provide adequate services. Hence, an exemption under section 109(h)(2) is unavailable in this case.

If the court determines, after notice and a hearing, that the debtor cannot satisfy the requirements of section 109(h)(1) because of incapacity, disability, or active military duty in a combat zone, it may grant an exemption from the briefing requirement. See 11 U.S.C. § 109(h)(4). "Incapacity" is defined

as impairment by reason of mental illness or mental deficiency such that the debtor is incapable of realizing and making rational decisions with respect to his or her financial responsibilities. A "disability" requires that the debtor be so physically disabled as to be unable, after reasonable effort, to participate in an in-person, telephone, or Internet briefing.

There is no evidence in this case that the debtor is entitled to an exemption under section 109(h)(4).

A debtor may also submit a "certification" of exigent circumstances meriting, to the satisfaction of the court, a 30-day extension of time to receive the briefing. To obtain this extension, the certification must describe an "exigent circumstance" that compelled the debtor to file the petition without first receiving the briefing. The certification must also indicate that the debtor requested a pre-filing briefing but was unable to obtain the counseling services within 5 days of the request. See 11 U.S.C. § 109(h)(3)(A). The certification must describe the attempts that were made to obtain a briefing prior to filing the petition. See In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005); In re Rodriquez, 336 B.R. 462 (Bankr. D. Idaho 2005).

Here, the document filed by the debtor is not a certification of anything other than his ignorance of the credit counseling requirement. This is not an exigent circumstance. No exigent circumstances are alleged.

Further, the document filed fails to satisfy section 109(h)(3)(A)(ii). It does not state that the debtor requested counseling but was unable to obtain a briefing for five days,

1  starting on the day of the request.  Rather, it is clear that the
2  debtor never requested counseling.
3       A certificate of exigent circumstances must show, in
4  addition to some looming exigent circumstance, that the debtor
5  diligently attempted to obtain credit counseling but was unable
6  to receive counseling within five days of the request for the
7  counseling.  See In re Burrell, 339 B.R. 664 (Bankr. W.D. Mich.
8  2006).  The request for counseling must be made at least five
9  days before filing the petition.  See In re Dansby, 340 B.R. 564,
10 568 (Bankr. D.S.C. 2006); In re Cleaver, 333 B.R. 430, 435
11 (Bankr. S.D. Ohio 2005); In re Talib, 335 B.R. 424, 427 (Bankr.
12 W.D. Mo. 2005); In re Wallert, 332 B.R. 884, 890 (Bankr. D. Minn.
13 2005).
14      Therefore, the request filed by the debtor, whether viewed
15 as a motion to waive credit counseling, to be exempted from it,
16 or to obtain an extension of time to receive a briefing, must be
17 denied.  A separate order will be entered.
18 Dated: 17 July 2006

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-4-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF SERVICE

**The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.**

Jason Bearce
9212 Sundance Ln
Stockton, CA 95210

Russell D. Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

**DATED:**
JUL 17 2006

**By:** *[signature]*
Deputy Clerk
Sarah Potter